IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Roanoke Division)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 7:20cv767 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JEFFREY L. PERSINGER, and ) | |
| MELISSA H. PERSINGER, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

The Plaintiff, the United States of America, with the authorization of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States, brings this action to collect the trust fund recovery penalties assessed against Jeffrey L. Persinger and Melissa H. Persinger pursuant to 26 U.S.C. § 6672 for several quarters between the first quarter of 2006 through the fourth quarter of 2009 for their failure to pay over to the United States taxes withheld from the salaries paid to the employees of J & D Pallets, Inc.

## JURISDICTION & VENUE

1. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331, 1340, and 1345, and 26 U.S.C. § 7402.

2. The liabilities and taxes accrued in this judicial district. Defendants Jeffrey L. Persinger and Melissa H. Persinger reside in Alleghany County, Virginia. Alleghany County is located within the Roanoke Division of the U.S. District Court for the Western District of Virginia. *See* Local Civil Rule 2(a)(7). Thus, venue is proper under 28 U.S.C. §§ 1391(b), 1396.

## PARTIES

3. Plaintiff is the United States of America.

4. Upon information and belief, Defendants Jeffrey L. Persinger and Melissa H. Persinger reside in Alleghany County, which is within the jurisdiction of this Court and Division.

## COUNT I: REDUCE TRUST FUND RECOVERY PENALTIES TO JUDGMENT AGAINST JEFFREY L. PERSINGER

5. The United States incorporates Paragraphs 1 through 4 of this Complaint as if fully set forth herein.

6. At all relevant times, Jeffrey L. Persinger was the President of J & D Pallets, Inc. ("**J & D Pallets**"), a Virginia stock corporation located in Clifton Forge, Virginia.

7. Under the Internal Revenue Code, employers are required to deduct and pay over to the United States a portion of their employee's wages for Social Security, Medicare, and federal income tax withholding. 26 U.S.C. § 3101, *et seq.*

8. Section 6672 of the Internal Revenue Code imposes a penalty upon any person required to collect, truthfully account for, and pay over the withholdings described in Paragraph 7, above, but who willfully fails to do so.

9. During the first quarter of 2006 through the fourth quarter of 2009 (the "**Relevant Time Period**"), Jeffrey L. Persinger was a person who was responsible for collecting, truthfully accounting for, and paying over to the Internal Revenue Service the federal income, Medicare, and social security taxes (the "**Employment Taxes**") withheld from the wages of the employees of J & D Pallets.

10. During the Relevant Time Period, Jeffrey L. Persinger had check-signing authority on behalf of J & D Pallets.

11.  During the Relevant Time Period, Jeffrey L. Persinger signed checks on behalf of J & D Pallets.

12.  Jeffrey L. Persinger willfully failed to collect, truthfully account for, or pay over to the United States the federal employment tax withholdings of J & D Pallets which rendered him liable for a penalty under 26 U.S.C. § 6672 equal to the total amount of the taxes not collected, accounted for, and paid over.

13.  Pursuant to 26 U.S.C. § 6672, a delegate of the Secretary of the Treasury assessed the following trust fund recovery penalties on January 3, 2011 against Jeffrey L. Persinger for amounts withheld from the wages of employees of J & D Pallets, but not turned over to the United States as set forth in the table below:

| Tax Period | Initial Assessment Amount | Total Balance as of January 4, 2021 |
|---|---|---|
| 03/31/2006 | $14,827.42 | $91.70 |
| 06/30/2006 | $14,870.68 | $6,890.06 |
| 09/30/2006 | $13,564.89 | $19,738.17 |
| 12/31/2006 | $14,715.80 | $21,270.43 |
| 03/31/2007 | $16,147.24 | $23,495.73 |
| 06/30/2007 | $14,898.21 | $21,678.27 |
| 09/30/2007 | $14,279.68 | $20,778.25 |
| 03/31/2008 | $12,359.19 | $17,983.75 |
| 06/30/2008 | $12,856.76 | $18,707.75 |
| 09/30/2008 | $11,702.98 | $17,028.91 |
| 12/31/2008 | $10,187.74 | $14,824.11 |
| 09/30/2009 | $6,658.34 | $9,688.50 |
| 12/31/2009 | $6,815.44 | $9,917.10 |
| | **Total:** | **$202,092.73** |

14.  A delegate of the Secretary of the Treasury gave notice of the penalty assessments set forth in Paragraph 13, above, to Jeffrey L. Persinger, and made demand upon him for the payment of those assessments.

15. Interest has been assessed and has accrued according to law on the unpaid balance of the assessments set forth in Paragraph 13, above, and will continue to accrue until paid in full.

16. Despite notice and demand for payment, Jeffrey L. Persinger has failed or refused to pay the full amounts due and owing for the penalty assessments set forth in Paragraph 13, above.

17. By reason of the assessments made on January 3, 2011 and described in Paragraph 13, above, Jeffrey L. Persinger is indebted to the United States for trust fund recovery penalties and statutory additions and interest to the penalties in the total amount of **$202,092.73** as of January 4, 2021, plus statutory additions and interest that will continue to accrue after that date according to law.

## COUNT II: REDUCE TRUST FUND RECOVERY PENALTIES TO JUDGMENT AGAINST MELISSA H. PERSINGER

18. The United States incorporates Paragraphs 1 through 17 of this Complaint as if fully set forth herein.

19. During the Relevant Time Period, Melissa H. Persinger was the Secretary of J & D Pallets.

20. During the Relevant Time Period, Melissa H. Persinger was a person responsible for collecting, truthfully accounting for, and paying over to the Internal Revenue Service the Employment Taxes withheld from the wages of the employees of J & D Pallets.

21. During the Relevant Time Period, Melissa H. Persinger had check-signing authority on behalf of J & D Pallets.

22. During the Relevant Time Period, Melissa H. Persinger signed checks on behalf of J & D Pallets.

23. During the Relevant Time Period, Melissa H. Persinger directed payments of bills of J & D Pallets.

24. During the Relevant Time Period, Melissa H. Persinger guaranteed loans on behalf of J & D Pallets.

25. During the Relevant Time Period, Melissa H. Persinger authorized payroll on behalf of J & D Pallets.

26. During the Relevant Time Period, Melissa H. Persinger made federal tax deposits on behalf of J & D Pallets.

27. During the Relevant Time Period, Melissa H. Persinger signed tax returns on behalf of J & D Pallets.

28. During the Relevant Time Period, Melissa H. Persinger hired and fired employees of J & D Pallets.

29. Melissa H. Persinger willfully failed to collect, truthfully account for, or pay over to the United States the federal employment tax withholdings of J & D Pallets which rendered her liable for a penalty under 26 U.S.C. § 6672 equal to the total amount of the taxes not collected, accounted for, and paid over.

30. Pursuant to 26 U.S.C. § 6672, a delegate of the Secretary of the Treasury assessed the following trust fund recovery penalties on January 3, 2011 against Melissa H. Persinger for amounts withheld from the wages of employees of J & D Pallets, but not turned over to the United States as set forth in the table on the following page:

[*Remainder of Page Left Intentionally Blank*]

| Tax Period | Initial Assessment Amount | Total Balance as of January 4, 2021 |
|---|---:|---:|
| 03/31/2006 | $14,827.42 | $97.88 |
| 06/30/2006 | $14,870.68 | $6,890.06 |
| 09/30/2006 | $13,564.89 | $19,738.17 |
| 12/31/2006 | $14,715.80 | $21,270.43 |
| 03/31/2007 | $16,147.24 | $23,495.73 |
| 06/30/2007 | $14,898.21 | $21,678.27 |
| 09/30/2007 | $14,279.68 | $20,778.25 |
| 03/31/2008 | $12,359.19 | $17,983.75 |
| 06/30/2008 | $12,856.76 | $18,707.75 |
| 09/30/2008 | $11,702.98 | $17,028.91 |
| 12/31/2008 | $10,187.74 | $14,824.11 |
| 09/30/2009 | $6,658.34 | $9,688.50 |
| 12/31/2009 | $6,815.44 | $9,917.10 |
| | **Total:** | **$202,098.91** |

31. A delegate of the Secretary of the Treasury gave notice of the penalty assessments set forth in Paragraph 30, above, to Melissa H. Persinger, and made demand upon her for the payment of those assessments.

32. Interest has been assessed and accrued according to law on the unpaid balance of the assessments set forth in Paragraph 30, above, and will continue to accrue until paid in full.

33. Despite notice and demand for payment, Melissa H. Persinger has failed or refused to pay the full amounts due and owing for the penalty assessments set forth in Paragraph 30, above.

34. By reason of the assessments made on January 3, 2011 and described in Paragraph 30, above, Melissa H. Persinger is indebted to the United States for trust fund recovery penalties and statutory additions and interest to the penalties in the total amount of **$202,098.91** as of January 4, 2021, plus statutory additions and interest that will continue to accrue after that date according to law.

## **RELIEF REQUESTED**

**WHEREFORE**, the United States of America respectfully requests that the Court:

A.    Enter judgment in favor of the United States and against Jeffrey L. Persinger for his unpaid trust fund recovery penalties of J & D Pallets, Inc. under 26 U.S.C. § 6672 for the quarters identified in Paragraph 13, above, in the amount of **$202,092.73** as of January 4, 2021, together with statutory additions and interest accruing after that date according to law;

B.    Enter judgment in favor of the United States and against Melissa H. Persinger for her unpaid trust fund recovery penalties of J & D Pallets, Inc. under 26 U.S.C. § 6672 for the quarters identified in Paragraph 30, above, in the amount of **$202,098.91** as of January 4, 2021, together with statutory additions and interest accruing after that date according to law;

C.    Award the United States its costs incurred in prosecuting this action; and

D.    Grant such other and further relief to the United States as the Court deems just and proper.

Dated: December 23, 2020            **RICHARD E. ZUCKERMAN**
Principal Deputy Assistant Attorney General

/s/ *Alexander R. Kalyniuk*
Alexander R. Kalyniuk
Virginia State Bar Number: 92325
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-3309
Facsimile: (202) 514-6866
E-Mail: Alexander.R.Kalyniuk@usdoj.gov

*Counsel for the United States of America*

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
Jeffrey L. Persinger
Melissa H. Persinger

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Alleghany
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Alexander R. Kalyniuk, United States Department of Justice, P.O. Box 227, Ben Franklin Station, Washington, D.C. 20044, (202) 616-3309

Attorneys *(If Known)*
Unknown.

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

[X] 1  U.S. Government Plaintiff
[ ] 2  U.S. Government Defendant
[ ] 3  Federal Question (U.S. Government Not a Party)
[ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [X] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from Another District *(specify)*
[ ] 6 Multidistrict Litigation - Transfer
[ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. § 6672

Brief description of cause:
Suit to collect trust fund recovery penalties

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 202,098.91
CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes  [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 12/23/2020
SIGNATURE OF ATTORNEY OF RECORD: /s/ Alexander R. Kalyniuk

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT n/a  APPLYING IFP _____  JUDGE Dillon  MAG. JUDGE _____