IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| | ) Civil Action No. 7:20-cv-767 |
| v. | ) |
| | ) By:  Elizabeth K. Dillon |
| JEFFREY L. PERSINGER, and | )      United States District Judge |
| MELISSA H. PERSINGER, | ) |
| | ) |
|    Defendants. | ) |

**MEMORANDUM OPINION**

On January 3, 2011, a delegate of the Secretary of Treasury assessed trust fund recovery penalties against Jeffrey and Melissa Persinger, the co-owners of J&D Pallets, Inc., for failure to pay taxes withheld from employees' salaries. The government brought this suit to collect the assessed trust fund recovery penalties. This matter is before the court on the government's motion for summary judgment. (Dkt. No. 15.) The matter has been fully briefed, and the parties did not request a hearing. For the reasons stated below, the court will grant the motion for summary judgment.

I.  BACKGROUND

The Persingers have co-owned J&D Pallets (J&D), a Virginia stock corporation that produces and ships pallets, since 1996. (J. Persinger Dep. 14:16–21, Dkt. No. 15-8; Dkt. No.15-5; Dkt. No. 15-6.) During the relevant period from 2006 to 2009, Jeffrey Persinger served as the president of J&D; Melissa Persinger served as the secretary treasurer. (Dkt. No. 15-5; Dkt. No. 15-6.) Both were listed on the company's bank signature card, had the ability to hire and fire

employees, and signed checks on behalf of the company. (*Id.*) Additionally, Melissa Persinger signed the company's tax forms and sent them to the IRS. (Dkt. No. 15-6.)

From 2006 to 2009, the Persingers knowingly failed to pay J&D's withheld federal employment taxes in full. (*Id.*; Dkt. No. 15-5.) Further, the Persingers, as officers of the company, paid employees and other creditors, such as utility companies and suppliers, instead of the United States. (*See, e.g.,* M. Persinger Dep. 18:17–23, Dkt. No. 15-7.) On January 3, 2011, pursuant to 26 U.S.C. § 6672, a delegate of the Secretary of Treasury assessed trust fund recovery penalties against Jeffrey Persinger in the amount of $ 202,092.73 and Melissa Persinger in the amount of $ 202,098.91 as shown in the tables below:

| Trust Fund Recovery Penalties against Jeffrey Persinger | | |
|---|---|---|
| Tax Period | Initial Assessment Amount | Total Balance as of 1/4/21 |
| 3/31/2006 | $ 14,827.42 | $ 91.70 |
| 6/30/2006 | $ 14,870.68 | $ 6,890.06 |
| 9/30/2006 | $ 13,564.89 | $ 19,738.17 |
| 12/31/2006 | $ 14,715.80 | $ 21,270.43 |
| 3/31/2007 | $ 16,147.24 | $ 23,495.73 |
| 6/30/2007 | $ 14,898.21 | $ 21,678.27 |
| 9/30/2007 | $ 14,279.68 | $ 20,778.25 |
| 3/31/2008 | $ 12,359.19 | $ 17,983.75 |
| 6/30/2008 | $ 12,856.76 | $ 18,707.75 |
| 9/30/2008 | $ 11,702.98 | $ 17,028.91 |
| 12/31/2008 | $ 10,187.74 | $ 14,824.11 |
| 9/30/2009 | $ 6,658.34 | $ 9,688.50 |
| 12/31/2009 | $ 6,815.44 | $ 9,917.10 |

(Account Transcripts, Dkt. No. 15-4; Decl. of Matthew Zimmerman, Dkt. No. 15-3.)

| Trust Fund Recovery Penalties against Melissa Persinger | | |
|---|---|---|
| Tax Period | Initial Assessment Amount | Total Balance as of 1/4/21 |
| 3/31/2006 | $ 14,827.42 | $ 97.88 |
| 6/30/2006 | $ 14,870.68 | $ 6,890.06 |
| 9/30/2006 | $ 13,564.89 | $ 19,738.17 |
| 12/31/2006 | $ 14,715.80 | $ 21,270.43 |
| 3/31/2007 | $ 16,147.24 | $ 23,495.73 |
| 6/30/2007 | $ 14,898.21 | $ 21,678.27 |
| 9/30/2007 | $ 14,279.68 | $ 20,778.25 |
| 3/31/2008 | $ 12,359.19 | $ 17,983.75 |
| 6/30/2008 | $ 12,856.76 | $ 18,707.75 |
| 9/30/2008 | $ 11,702.98 | $ 17,028.91 |
| 12/31/2008 | $ 10,187.74 | $ 14,824.11 |
| 9/30/2009 | $ 6,658.34 | $ 9,688.50 |
| 12/31/2009 | $ 6,815.44 | $ 9,917.10 |

(*Id.*)

To date, despite notice and demand, the Persingers have failed to pay the owed and due amounts. (Decl. of Matthew Zimmerman, Dkt. No. 15-3.) The government filed this suit on December 23, 2020, bringing counts against Jeffrey and Melissa Persinger to reduce the trust fund recovery penalties to judgment. (Compl., Dkt. No. 1.) On November 17, 2021, the government filed a motion for summary judgment (Dkt. No. 15), which has been fully briefed.

## II.  ANALYSIS

**A.  Standard of Review**

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 248 (1986)).  A dispute of material fact is "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party.  *Anderson*, 477 U.S. at 248–49.

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323.  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial.  See Fed. R. Civ. P. 56(c), 56(e).  All inferences must be viewed in a light most favorable to the non-moving party, but the nonmovant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

### B. Legal Standards

Federal law requires employers to withhold amounts from an employee's salary for social security and individual income taxes.  *See* 26 U.S.C. §§ 3102(a), 3402(a).  Employers are then required to remit those funds, known as trust fund taxes, to the United States.  *Id.*  An employer is liable for a failure to remit trust fund taxes, and, "the Internal Revenue Code also imposes personal liability, in an amount equal to an employer's deficient taxes, upon those officers or employees[:] (1) responsible for collecting, accounting for, and remitting payroll taxes, and (2) who willfully fail to do so." *Plett v. United States*, 185 F.3d 216, 218 (4th Cir. 1999) (citing 26 U.S.C. § 6672(a); 26 U.S.C. § 6671(b)).

Assessments made by the Internal Revenue Service (IRS), which represent an unpaid tax liability, are entitled to a legal presumption of correctness, *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002), and establish a prima facie case of tax liability against a defendant.

*United States v. Pomponio*, 635 F.2d 293, 296 (4th Cir. 1980).  It follows that the taxpayer bears the burden of producing rebutting evidence.  *United States v. Miller L. Grp., P.C.*, No. 3:20-CV-00031, 2021 WL 2483138, at *2 (W.D. Va. June 17, 2021) (citing *United States v. Sarubin*, 507 F.3d 811, 816 (4th Cir. 2007)).

**C.  The Government's Motion for Summary Judgment**

In its motion for summary judgment, the government argues that the Persingers have not provided any evidence to rebut the assessments made against them.  Additionally, the government goes further, pointing to conclusive evidence that the Persingers were responsible persons who willfully failed to pay J&D's trust fund taxes in violation of 26 U.S.C. § 6672.  The government is correct on both fronts.

Attached to its motion for summary judgment, the government provides account transcripts of the penalties levied against the Persingers on January 3, 2011, for each of the relevant quarters from 2006 to 2009 corroborated by the sworn declaration of IRS Revenue Officer Matthew Zimmerman.  (Dkt. No. 15-4; Dkt. No. 15-3.)  Upon reviewing this evidence, the court concludes that the government has established a prima facie case of tax liability against the Persingers.  *Sarubin*, 507 F.3d at 816.

Notably, the Persingers do not oppose the assessments made in 2008 or 2009.  The Persingers only oppose the four assessments made in 2006 and three assessments made in 2007, insisting those assessments are "naked."  That is, those assessments are presented without any "foundational evidence" supporting them.  (Defs.' Opp. to Mot. for Summ. J. 2, Dkt. No. 17 (citing *Anastasato v. Comm'r*, 794 F.2d 884 (3d Cir. 1986); *United States v. Janis*, 428 U.S. 433 (1976); *Cook v. United States*, 46 Fed. Cl. 110 (Ct. Fed. Cl. 2000).)

The Persingers' argument is unpersuasive. As the government points out in its reply, the cases cited by the Persingers are either inapplicable to the context of trust fund recovery penalties or support the government's position. The Persingers do not respond to any of the government's other arguments and do not cite to any evidence that rebuts the assessments, which, again, are presumed to be correct.

Nor could the Persingers produce any such evidence. In his deposition, Jeffrey Persinger noted that he had no documents to show that the Persingers do not owe the tax liabilities at issue. (J. Persinger Dep. 37:17–20, Dkt. No. 15-8.) The record clearly establishes that the Persingers were "responsible persons" who willfully failed to remit taxes to the United States. Both Persingers were officers of J&D from 2006 to 2009, knew of the failure to remit the taxes to the United States, and chose to pay other creditors. (Dkt. No. 15-5; Dkt. No. 15-6.) As Jeffrey Persinger noted in his deposition, during the relevant period, "It was very hard. It was basically rob Peter to pay Paul… And we were hoping that the economy would turn around and I would catch the taxes up. But it didn't happen." (J. Persinger Dep. 39:12–16, Dkt. No. 15-8.) There is no dispute that the Persingers are liable for the trust fund taxes pursuant to 26 U.S.C. 6672.

***

Having concluded that the Persingers are liable, the court must determine the relief to which the United States is entitled. The United States seeks judgment in the amounts of $202,092.73 and $202,098.91 as of January 4, 2021, plus statutory additions and interest. The undisputed account transcripts, corroborated by declaration, show unpaid tax liabilities in those amounts against Jefferey and Melissa Persinger. The court is satisfied that the evidence supports an award of $202,092.73 against Jeffrey Persinger and $202,098.91 against Melissa Persinger,

plus statutory additions and interest that have accrued since January 4, 2021, and less any credits and payments since that time.  See Sarubin, 507 F.3d at 816.

## III.  CONCLUSION

For the reasons stated herein, the court will grant the United States' motion for summary judgment. The court will enter an appropriate order.

Entered: January 26, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge